IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,          )
                                   )
            Plaintiff,             )
                                   )
v.                                 )   No. 06-10004-01-WEB
                                   )
BALTAZAR MENDEZ,                   )
                                   )
            Defendant.             )
_____)

**Memorandum and Order**

The court enters this written order to supplement its oral determination relating to a juror issue that arose at the outset of jury deliberations. Following the completion of closing arguments by counsel and final instructions from the court late in the afternoon on Wednesday, May 10, 2006, the court sent the jury to its jury room with directions to select a presiding juror and then to retire for the evening recess. The court excused the sole remaining alternate juror, but informed her she should remain available the next day in case the court needed to re-call her.

Within a minute or two of the jury leaving the courtroom, the court was informed through its staff that one of the jurors wanted to inform the court of something. The court met momentarily with the juror in chambers, whereupon she informed the court that she had recognized the name of a person whose name appeared in a notebook that was introduced into evidence. The Government contends the notebook was a drug ledger with an account of drug sales to various persons. (The person whose name the juror recognized was apparently mentioned by counsel in closing arguments.) In response to the court's questions, the juror assured the court that her knowledge would not affect her deliberations and that it

would not affect her ability to be fair and impartial. The court then met with counsel and the parties and informed them of the situation, and asked them to return the following morning at 9:00 a.m. The court's staff also contacted the alternate juror and asked her to return to the courthouse the following day. During this latter contact, the alternate juror informed the court's staff that her husband, who had attended the trial, had mentioned to her that evening that he had seen the defendant at the courthouse handcuffed and in the custody of law enforcement officers.

The next morning, May 11, 2006, the court met separately with the above-mentioned juror and with the alternate juror. The court inquired of the first juror concerning the source and extent of her knowledge of the person listed in the notebook. The court also met with the alternate juror and inquired into her knowledge of the defendant being in custody in handcuffs at the courthouse. The court subsequently met with counsel and the parties and informed them of the jurors' responses, including the first juror's explanation that she had met the person listed in the notebook some time ago on a group fishing excursion, and that she had had no contact with the person since that time.

The court informed the parties it believed either juror would be able to serve as a fair and impartial juror, and it inquired as to what procedure they advocated. All parties -- counsel for the Government, both of the attorneys for the defense, and the defendant himself -- all concurred that the juror presently on the jury could continue to serve and that she could be a fair and impartial juror. No party requested any additional inquiry into the juror's knowledge. *Cf. United States v. Herndon*, 156 F.3d 629 (6th Cir. 1998). Based upon its inquiry, the court likewise determined there was no evidence of bias on the part of the juror and no indication that her prior knowledge would prevent her from being a fair and impartial juror on the issues in the case. Accordingly, court permitted the juror mentioned above to remain on the jury

and it instructed the jury to begin its deliberations. The court excused the alternate juror from further attendance.

The court directs that this written Memorandum be filed as part of the record in the case. IT IS SO ORDERED this  11th   Day of May, 2006, at Wichita, Ks.

s/Wesley E. Brown  
Wesley E. Brown  
U.S. Senior District Judge
