# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 06-10004-WEB |
| | ) |
| BALTAZAR MENDEZ, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Now before the Court is Defendant Baltazar's objection to the Pre-Sentence Report (PSR). The defendant was convicted by a jury on four counts of being an unlawful user of a controlled substance in possession of a firearm or ammunition (Count 3, 4, 5 and 6); three counts of being an alien unlawfully in the United States in possession of a firearm (Counts 8, 9, and 10); and one count of unlawfully maintaining a place for the purpose of storing, distributing or using controlled substances (Count 12). (Doc. 20).

Defendant has filed one objection to the PSR. He objects to the fact that his offense level is based upon the methamphetamine mixture (and also three "ecstacy" tablets) found in his residence. He argues this is inappropriate because the weight of any such mixture "has not been proved beyond a reasonable doubt to a jury in this case."

The Government contends the PSR is correct because the sentencing guidelines are now advisory rather than mandatory; consequently, there is no Sixth Amendment violation when a Judge rather than a jury makes factual determinations affecting the guideline range.

The Court finds that the PSR correctly calculated the defendant's guideline range based upon the

101 grams of a mixture containing methamphetamine found in his residence.

Because the defendant's conviction on Count 12 (for maintaining a place for the purpose of storing, manufacturing or using controlled substances) produces the highest offense level, the guideline for that offense is used to determine the guideline range. This guideline (section 2D1.8) states in turn that the court should apply the offense level from § 2D1.1 (the guideline for drug offenses). Under the latter section, an offense involving anywhere between 50 and 200 grams of a methamphetamine mixture carries an offense level of 26.[1]

The guidelines further provide that in determining the offense level, the court is to consider all relevant conduct, including all acts committed or aided and abetted by the defendant, and, in the case of criminal activity jointly undertaken by the defendant with others, all reasonably foreseeable acts of others in furtherance of the criminal activity. U.S.S.G. § 1B1.3.

The evidence at trial in this case showed by a preponderance of the evidence that the defendant constructively possessed the methamphetamine mixture in his residence. Among other things, there was evidence that the defendant had control over the residence and was aware of the drug distribution activities going on there; that he occupied and frequently used the room where the methamphetamine and other items were found; that he admitted to law enforcement that he regularly used methamphetamine; and that he admitted knowing about the various weapons in the house. There was also abundant evidence that the substance was possessed with the intent to distribute it - as shown by the presence of a large quantity of the MSM "cutting agent"; by the presence of packaging materials and electronic scales, by the presence

---

[1] The total offense level here is 28 due to a 2-level increase for an offense involving a dangerous weapon.

of a drug ledger; and by the presence of readily accessible weapons (including the defendant's).  The Court notes there was some evidence that the defendant told law enforcement officers he only used the electronic scales to purchase methamphetamine, not to sell it.  The court rejects this claim as not credible and finds from the totality of the evidence that the defendant more likely than not possessed the methamphetamine mixture -- which weighed approximately 101 grams -- with the intent to distribute it.

The defendant's objection that this fact has not been proven to a jury beyond a reasonable doubt is unavailing.  Under the Supreme Court's *Booker* ruling, the fact that the guidelines are now advisory rather than mandatory means the Sixth Amendment right to jury trial is not violated by having a Judge, rather than a jury, determine disputed sentencing factors that may increase the defendant's applicable guideline range.  *United States v. Booker,* 543 U.S. 220, 245 (2005).  Nor does the fact that the jury acquitted the defendant on the charge of possessing methamphetamine with intent to distribute preclude the court's finding.  As the Tenth Circuit made clear in *United States v. Magallanez*, 408 F.3d 672 (10th Cir. 2005):

> An acquittal by the jury proves only that the defendant was not guilty beyond a reasonable doubt. Both before and under the Guidelines, facts relevant to sentencing have generally been found by a preponderance of the evidence.  A jury verdict of acquittal on related conduct, therefore, "does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence...Nothing in *Booker* changes this analysis.

*Id*. at 684 (citations omitted).

Defendant's objection to the Presentence Report is DENIED. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

SO ORDERED this 28th day of July 2006.

                                            s/ Wesley E. Brown

                                            Wesley E. Brown, U.S. Senior District Judge