**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
|                                                                ) | |
|         Plaintiff,            ) | |
|                                                                ) | |
| v.                                                         ) | Case No. 06-10004-01-WEB |
|                                                                ) | |
| BALTAZAR MENDEZ,                    ) | |
|                                                                ) | |
|         Defendant.        ) | |

<u>MEMORANDUM AND ORDER</u>

Now before the Court is the motion of Defendant Baltazar Mendez to modify his sentence. (Doc. 37).  The record shows that Defendant was convicted by a jury on May 11, 2006.  (Doc. 26). Defendant was sentenced on July 28, 2006 and sentenced to 121 months.  (Docs. 33, 34).  Defendant filed the present motion requesting the Court reduce his sentence.

After sentencing, a district court's jurisdiction to modify a final judgment is circumscribed. *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (A district court is authorized to modify a Defendant's sentence only where Congress has expressly granted the court jurisdiction to do so).  Rule 35(a) allows for the Court to correct or modify a sentence if there is error within seven days after sentencing. Fed. R. Crim. P. 35.  Under 18 U.S.C. § 3582(c), a Court can modify a term of imprisonment under narrow circumstances.  The Court also has jurisdiction to hear appeals brought under 28 U.S.C. § 2255.

While the Defendant's motion was filed within seven days of sentencing, Defendant fails to show any sentencing error which would justify a sentence reduction under Rule 35.  Fed. R. Crim. P. 35(a).  Defendant does not argue that his sentence was in any way erroneous or unconstitutional;

rather, he merely requests the Court modify the judgment. Therefore, the Court will not convert Defendant's motion to an appeal under section 2255. Defendant does not argue or provide any facts to show that his motion would fall under the provisions of 18 U.S.C. § 3582(c). In conclusion, there is no basis for Defendant's request; accordingly, the Court must deny his motion.

IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that Defendant's motion to modify his sentence (Doc. 37) be DENIED.

SO ORDERED this 14th day of August, 2006.

s/ Wesley E. Brown

Wesley E. Brown, Senior U.S. District Judge